# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | |
|---|---|
| **KYLER MOJE,** | ) |
| Plaintiff, | ) |
| v. | ) No. _____ |
| **FEDERAL HOCKEY LEAGUE LLC,** | ) |
| **& OAKLEY, INC.,** | ) |
| Defendants, | ) |

## COMPLAINT AT LAW

NOW COMES the Plaintiff, KYLER MOJE, by and through his attorney, Dean J. Caras, and complaining of the Defendants, FEDERAL HOCKEY LEAGUE, LLC and OAKLEY, INC., states as follows:

## JURISDICTION AND VENUE

i. This Court has subject matter jurisdiction over this claim pursuant to 28 U.S.C. § 1332, as the parties are citizens of different states, and the amount in controversy for the claims exceeds the minimum requirement of $75,000.00.

ii. The Court may exercise Personal Jurisdiction over Defendant FEDERAL HOCKEY LEAGUE, LLC, as Defendant has had sufficient minimum contacts through its doing business therein by maintaining a hockey team, The Danville Dashers, within the state.

iii. The Court may exercise Personal Jurisdiction over Defendant OAKLEY, INC., as Defendant has had sufficient minimum contacts with the venue through its doing business therein by supplying goods and services within the state through advertising and distributing products.

iv.        Venue is proper in the Northern District of Illinois, Eastern Division, pursuant to 28 U.S.C. §§ 1391(b), as both defendants are subject to the court's personal jurisdiction with respect to this action.

## PARTIES

v.        Plaintiff KYLER MOJE is an individual domiciled in the State of Minnesota.

vi.       Defendant, FEDERAL HOCKEY LEAGUE, LLC is a limited liability company duly organized under the laws of the State of Mississippi, licensed and authorized to do business in the state of Illinois, which maintains its principal place of business at its offices located in DeWitt, Onondaga County, New York.

vii.       Defendant, OAKLEY, INC., is a corporation duly incorporated under the laws of California licensed and authorized to do business in the State of Illinois, which maintains its principal place of business at its offices located in Foothill Ranch, Orange County, California.

## GENERAL ALLEGATIONS

1.        This case arises out of an incident which took place on February 10, 2012.

2.        On February 10, 2012, Plaintiff Kyler Moje was playing in a professional hockey game on the Danville Dashers' team and against the Akwesasne Warriors.

3.        On February 10, 2012, both teams belonged to the Defendant FEDERAL HOCKEY LEAGUE, LLC.

4.        During game play, Michael Stacey, a player for the Akwesasne Warriors, made an illegal maneuver by lifting his hockey stick and thrusting the blade end forcefully under Kyler Moje's helmet.

5.        During the game and at the time of Mr. Stacey's attack, Plaintiff was wearing a

helmet visor manufactured by Defendant OAKLEY, INC which was correctly affixed to his helmet and not "flipped up" to expose his eyes.

6. Mr. Stacey's blade ultimately penetrated Plaintiff's eye, blinding him.

7. Mr. Moje now files suit against Defendants FEDERAL HOCKEY LEAGUE in willful and wanton negligence and against Defendant OAKLEY, INC. for breach of warranty and products liability.

## COUNT I - NEGLIGENCE AGAINST THE FEDERAL HOCKEY LEAGUE

8. Plaintiff restates and realleges paragraphs 1-7 as through full set forth herein.

9. On or about February 10, 2012, and at all times relevant herein, Defendant FEDERAL HOCKEY LEAGUE owned, possessed and/or otherwise maintained and controlled a professional ice hockey league comprised of teams from the Northeastern United States and (formerly) Canada.

10. That on or about February 10, 2012, at the David S. Palmer Arena in Danville, Illinois, Plaintiff was lawfully participating in a league sanctioned hockey game between his team, the Danville Dashers, and the Akwesasne Warriors for the proper purpose of employment and engaging in league play as intended.

11. That at the aforementioned time and place, and prior thereto, it then and there became and was the duty of Defendant to exercise reasonable care and caution in the operation, management, maintenance, and control of the teams in Defendant's league and in particular the regulation of safe and legal game play in order to avoid causing injury to persons lawfully participating and in particular, Plaintiff.

12. That prior to the date aforementioned, Defendant FEDERAL HOCKEY LEAGUE, had been informed on several occasions and was aware that the Akwesasne Warriors

team had consistently engaged in illegal and violent game play which posed a threat to opponents.

13. That on the date aforementioned, Defendant, notwithstanding said duty in the premises, was then and there guilty of the following willful and wanton negligent acts and/or omissions:

    a. Permitted the Akwesasne Warriors to engage in game play against the Danville Dashers despite knowledge of the Akwesasne Warriors' history of violent and illegal game play, although it knew or should have known that permitting game play on the day in question could cause injury to persons lawfully participating in League play therein, and in particular, Plaintiff;

    b. Failed to correct or regulate the known violent and illegal game play of the Akwesasne Warriors prior to February 10, 2012, especially intentional "sticking" as in this case, although it knew or should have known that such failure could cause injury to persons lawfully participating in League play therein, and in particular, Plaintiff;

    c. Failed to warn persons lawfully participating in league play of the dangerous condition by distributing literature or causing players to sign a release waiver, although it knew or should have known that such failure could cause injury to persons lawfully participating in League play therein, and in particular, Plaintiff;

    d. Failed to enforce suspensions for violent and illegal game play among players in the league and allowing suspended players to prematurely reenter league play, although it knew or should have known that such failure could cause injury to persons lawfully participating in League play therein, and in particular, Plaintiff.

    d. Were otherwise negligent and willful and wanton.

14. That as a direct and proximate result of one or more of the aforesaid negligent and willful and wanton acts or omissions of the Defendant, the Plaintiff, while lawfully participating in League game play, was attacked by a player from the Akwesasne Warriors, thereby causing severe and disabling injuries; that he became and was and may in the future remain sick, sore,

lame and disabled; that he suffered, and may in the future suffer great pain, anguish and physical impairment; that he has spent, and may in the future spend, a large sum of money for medical, hospital and doctor care and attention;  that he has suffered and may continue to suffer lost wages; and that he was unable to, and may in the future be unable to, attend to his usual duties and affairs for a long period of time, to his great detriment.

WHEREFORE, Plaintiff, KYLER MOJE, prays for judgment against Defendant, THE FEDERAL HOCKEY LEAGUE, in an amount in excess of this Court's jurisdictional limits plus the costs of this action and whatever other relief this Honorable Court deems just and proper.

### **COUNT II - BREACH OF WARRANTY AGAINST OAKLEY, INC.**

15. Plaintiff restates and realleges Paragraphs 1-14 as though fully set forth herein.

16. That on and before February 10, 2012, and for some time prior and subsequent thereto, Defendant, OAKLEY, INC., was a merchant engaged in the business of designing, preparing, manufacturing, maintaining, distributing, and selling various types of sports performance shields, including but not limited to the Oakley VR904 Pro Straight Hockey Helmet Visor with U.S. Patent Number 6,038,705; 5,815,848.

17. That on and for a long time prior to said date, defendant,  a corporation, designed, prepared, manufactured, maintained, distributed, and sold various types of sports performance shields, including but not limited to the Oakley VR904 Pro Straight Hockey Helmet Visor with U.S. Patent Number 6,038,705; 5,815,848, and that the aforesaid products were distributed, sold, and used in the City of Chicago, County of Cook, State of Illinois.

18. That within one year prior to the aforesaid date, the Plaintiff, at the relevant time a

resident of the State of Illinois, had purchased the Oakley VR904 Pro Straight Hockey Helmet Visor with U.S. Patent Number 6,038,705; 5,815,848 and began playing competitive hockey using the aforesaid product as protection, while in the state of Illinois.

19.       That within one year prior to the aforesaid date, defendant warranted to Plaintiff that the Oakley VR904 Pro Straight Hockey Helmet Visor with U.S. Patent Number 6,038,705; 5,815,848 was not defective, and fit for ordinary use, specifically, to protect the face and eyes from injury while playing competitive hockey.

20.       That on February 10, 2012, when the aforesaid product was being used to play competitive hockey by Plaintiff, there was a violation of said implied warranty of merchantability in that the product was defective, and not fit for ordinary use, as the visor allowed an opposing player's hockey stick blade to penetrate Plaintiff's helmet and enter his eye.

21.       That as a direct and proximate result of said breach of warranty, the Plaintiff, suffered from severe injuries.

22.       That as a direct and proximate result of the aforesaid breach of warranty in the aforesaid product, the Plaintiff was then and there caused to sustain great injury, that he suffered severe and permanent injuries; that he suffered acute and prolonged physical pain and suffering; that he was unable to, and may in the future be unable to attend to his usual duties and affairs for a long period of time, to his great detriment; and that he became liable for great sums of money for medical care and treatment, as well as incurring other expenses, including wage loss.

              WHEREFORE Plaintiff respectfully requests judgment against OAKLEY, INC., in a sum in an amount exceeding the jurisdictional limits of this court plus the costs of this action and any other relief this Honorable Court deems just and proper.

## COUNT III - PRODUCTS LIABILITY AGAINST OAKLEY, INC.

23. Plaintiff restates and realleges paragraphs 1-22 as though fully set forth herein.

24. That on and before February 10, 2012, and for some time prior and subsequent thereto, Defendant, OAKLEY, INC., was a merchant engaged in the business of designing, preparing, manufacturing, maintaining, distributing, and selling various types of sports performance shields, including but not limited to the Oakley VR904 Pro Straight Hockey Helmet Visor with U.S. Patent Number 6,038,705; 5,815,848.

25. That on and for a long time prior to said date, defendant, a corporation, designed, prepared, manufactured, maintained, distributed, and sold various types of sports performance shields, including but not limited to the Oakley VR904 Pro Straight Hockey Helmet Visor with U.S. Patent Number 6,038,705; 5,815,848, and that the aforesaid products were distributed, sold, and used in the City of Chicago, County of Cook, State of Illinois.

26. That the Plaintiff, at the relevant time a resident of the State of Illinois, had purchased the Oakley VR904 Pro Straight Hockey Helmet Visor with U.S. Patent Number 6,038,705; 5,815,848 and began playing competitive hockey using the aforesaid product as protection, while in the state of Illinois.

27. That at the time the aforesaid product left the possession of the defendant, the product was unreasonably dangerous, defective, and unsafe in that the visor was unreasonably sized and improperly manufactured to affix to a helmet, as it did not guard against a hockey stick blade from being thrust underneath the visor and penetrating Plaintiff's eye.

28. That the defective, unsafe, and unreasonably dangerous condition of the visor continued up to and including the time that the plaintiff participated in the game on February 10, 2012, when the visor malfunctioned while Plaintiff was playing.

29.     That as a direct and proximate result and in consequence of the aforesaid unreasonably dangerous, defective, and unsafe condition of the hockey visor, the Plaintiff was then and there caused to sustain great injury, that he suffered severe and permanent injuries; that he suffered acute and prolonged physical and mental pain and suffering; that he was unable to, and may in the future be unable to attend to his usual duties and affairs for a long period of time, to his great detriment; and that he became liable for great sums of money for medical care and treatment, as well as incurring other expenses, including wage loss.

WHEREFORE Plaintiff respectfully requests judgment against OAKLEY, INC., in an amount in excess of the jurisdictional limits of this court plus the costs of this action and any other relief this Honorable Court deems just and proper.

_____
Dean J. Caras
Attorney for Plaintiff

DEAN J. CARAS
Attorney for Plaintiff
320 W. Illinois, Suite 2216
Chicago, IL  60654
(312) 494-1500
Attorney No. 16980