IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| KYLER MOJE, | ) |
| | ) |
| Plaintiff, | ) Civil Action No. 14-cv-00500 |
| v. | ) |
| | ) Judge Sara L. Ellis |
| FEDERAL HOCKEY LEAGUE, LLC, | ) |
| and OAKLEY, INC., | ) |
| | ) |
| Defendants. | ) |

## MOTION OF DEFENDANT FEDERAL HOCKEY LEAGUE, LLC TO VACATE DEFAULT JUDGMENT

Defendant THE FEDERAL HOCKEY LEAGUE, LLC, by its attorneys, moves pursuant to Rule 60(b) of the Federal Rules of Civil Procedure for the entry of an order vacating the default order and judgment entered against it in this action on grounds of mistake and excusable neglect, and in light of the timeliness of this motion and Defendant's meritorious defenses to plaintiff's claims in this action. In support of this motion, Defendant states as follows:

Procedural History

1. On January 24, 2014, plaintiff Kyler Moje filed his Complaint at Law against The Federal Hockey League, LLC ("FHL") and Oakley, Inc., alleging that he was injured as a result of the negligence of the defendant FHL while he was a participant in a February 10, 2012 professional ice hockey game when a rival team's player made an illegal maneuver with a hockey stick blade and forced it under his helmet.

2       Under Count One of his Complaint, plaintiff made claims of willful and wanton negligence against defendant FHL, alleging that FHL knew that the team against which plaintiff was playing had a history of violent play, but that the professional hockey league failed to regulate the violent play of the opposing team by enforcing

suspensions of players for violent play, and failed to warn participants in league play of that dangerous condition.

3. On February 6, 2014, Donald Kirnan, Commissioner of the FHL, was served with plaintiff's summons and complaint in South Dewitt, New York.

4. On May 5, 2014, plaintiff filed a motion for default judgment against defendant FHL. On May 14, 2014, this court entered an order of default against defendant FHL.

5. On June 11, 2014, this court entered a default judgment in the amount of $800,000 in favor of plaintiff and against defendant FHL because FHL had failed to answer or otherwise defend this action.

6. On December 11, 2014, undersigned defense counsel for FHL filed their attorney appearances for defendant FHL and now move this court to vacate the default order and judgment against defendant FHL, and for time to answer plaintiff's complaint to assert the meritorious defenses detailed in this motion.

<u>Actions Taken by Defendant FHL in Defense of this Action</u>

7. On February 6, 2014, the same day he was served with the summons and complaint in this action, FHL Commissioner Kirnan retained attorney John A. Lofaro to represent FHL as a defendant in this action, and forwarded to Attorney Lofaro in Syracuse, New York, the summons and complaint served upon him with the direction that Attorney Lofaro defend the interests of the FHL in this action. Attorney Lofaro accepted the assignment and represented to Commissioner Kirnan that he would defend the FHL in this action. *Affidavit of Donald J. Kirnan, filed herewith, at pars. 1 - 5.*

8. In early March of 2014, Commissioner Kirnan received a telephone call from an attorney representing Oakley, Inc., the co-defendant in this action, asking him why no answer had been filed for The Federal Hockey League. Commissioner Kirnan, who in that capacity was the sole corporate officer of defendant FHL responsible for its defense of civil actions, immediately contacted Attorney Lofaro to inquire about his filing of an answer for defendant FHL in this action. *Affidavit of Kirnan at pars. 3, 6-7.*

9. Attorney Lofaro represented to Commissioner Kirnan that he had filed a timely answer for defendant FHL in this action, and he gave Kirnan what purported to be a copy of that answer to plaintiff's complaint, together with what purported to be his transmittal of that pleading to counsel for plaintiff in this action. Commissioner Kirnan had no reason to believe that the answer and transmittal to plaintiff's attorney that Attorney Lofaro provided to Kirnan was not genuine, or that defendant FHL's answer had not in fact ever been served or filed. *Affidavit of Kirnan at pars. 8-10 and Exhibit A.*

10. Commissioner Kirnan did not thereafter learn anything to the contrary from Attorney Lofaro, nor did he receive any notice of plaintiff's motion for entry of a default judgment filed on May 5, 2014, or the order of default entered on May 14, 2014, or the judgment by default entered on June 11, 2014 in this action. *Affidavit of Kirnan at par. 11.*

11. Instead, Commissioner Kirnan first learned of the entry of a judgment by default against defendant FHL in this action on October 9, 2014, when he received by mail a Notice of Filing To Register A Foreign Judgment from the Clerk of the Circuit Court of Cook County, Illinois, dated October 3, 2014, attaching a copy of the Order of

3

this District Court, stamped September 25, 2014. *Affidavit of Kirnan at par. 12 and Exhibit B.*

12.     On October 9, 2014, Commissioner Kirnan reported the default judgment against defendant FHL to its liability insurer, which on December 10, 2014, advised Kirnan that it had determined to provide a defense to defendant FHL in this action and that it had assigned the defense of this action undersigned counsel. *Affidavit of Kirnan at pars. 13-14.*

13.     On December 11, 2014, undersigned defense counsel for defendant FHL filed their attorney appearances for it with this court, and now request this court to vacate the default order and judgment against defendant FHL, for time to answer plaintiff's complaint to assert its meritorious defenses, and for any other relief that is just and equitable.

<u>Applicable Law</u>

14.     Rule 60(b)(1) of the Federal Rules of Civil Procedure allows this court to vacate a final judgment upon a timely motion establishing "mistake, inadvertence, surprise, or excusable neglect" by the moving party, as well as its potential meritorious defenses to plaintiff's claims.

15.     In cases with facts similar to this action, the decisions of the Seventh Circuit and other courts have found "mistake" and "excusable neglect" on the part of defendants who have been victimized by their attorneys neglect to appear and answer.

16.     In *A.F. Dormeyer Company, Inc. v. M.J. Sales & Distributing Co.*, 461 F.2d 40 (7th Cir. 1972), the Seventh Circuit Court of Appeals found that there was excusable neglect and vacated a default judgment based on facts showing that defense counsel, a

4

seasoned New York attorney, served plaintiff's counsel with a copy of defendant's answer but failed to file its answer with the district court. In *Dormeyer*, after the plaintiff served defendant M.J. Sales at its offices in New York, the president of M.J. Sales employed a New York attorney to defend it. That defendant's counsel prepared an answer to plaintiff's complaint and mailed it to plaintiff's counsel, but the answer was never filed with the court. *Id.* at 41. On that basis, a default was entered against defendant M. J. Sales, followed by a prove-up and judgment order. Plaintiff's counsel then sent a letter to the defendant informing it of the default judgment. Defendant M.J. Sales, when it moved to vacate the judgment, argued that there was excusable neglect because its attorney, who had been practicing law for 37 years in New York, was following the proper practice in New York, where an appearance and answer was not required to be filed by the court until the date of trial. The Seventh Circuit, finding there was excusable neglect, quoted *Thorpe v. Thorpe*, 364 F.2d 692, 694 (D.C. Cir. 1966):

> The philosophy of modern federal procedure favors trials on the merits, and default judgments should generally be set aside where the moving party acts with reasonable promptness, alleges a meritorious defense to the action, and where the default has not been willful.

*Id.* at 43.

17. The Seventh Circuit, in *Passarella v. Hilton International Co.*, 810 F.2d 674 (7th Cir. 1987), held that defendant Hilton's failure to appear and prevent entry of default judgment against it was the result of excusable neglect, and because Hilton had meritorious defenses to plaintiff's claims, its Rule 60(b) motion to vacate the default judgment entered against it should have been granted by the district court. In *Passarella*, the plaintiff filed suit against defendant Hilton to recover amounts claimed

5

for a lost diamond ring. Plaintiff served defendant Hilton's vice president and general counsel with a copy of the complaint, which was then sent to Hilton's insurer by U.S. mail. Hilton's general counsel thereafter mailed another correspondence to its insurer regarding the lawsuit. The insurance carrier never received the complaint or correspondence from Hilton, however, and took no action in Hilton's defense. *Id.* at 674. A default judgment was entered against defendant Hilton, followed by an affidavit of garnishment that was brought to Hilton's attention by its bank. Under these facts, the Seventh Circuit held there was sufficient evidence of excusable neglect because defendant Hilton mistakenly believed its insurance carrier had received its communications about the lawsuit. *Id.* at 677.

18. In *Augusta Fiberglass Coatings, Inc. v. Fodor Contracting Corporation*, 843 F.2d 808 (4th Cir. 1988), the Fourth Circuit Court of Appeals held that the district court should have set aside a default judgment entered against the defendant because the defendant was blameless for the acts of its attorneys. There, the plaintiff filed a breach of contract action against defendant Fodor, which referred the matter to its attorney. Defense counsel never filed an answer to plaintiff's complaint, however, and on that basis a default judgment was entered against defendant Fodor. The Fourth Circuit held that the default judgment should have been vacated, since the defendant was itself largely blameless for the default judgment, it should not be disadvantaged by the errors or neglect of its attorney:

> Although the district court is in the best position to weigh the competing interests implicated by default judgments within the context of each case, the district court's failure to distinguish between a blameless party and its neglectful attorney constitutes legal error amounting to an abuse of discretion.

6

*Id.* at 812.

19. Under the circumstances of this case, as established by the averments of its Commissioner Donald Kirnan, defendant FHL mistakenly believed that it was being represented in this action by a defense attorney with whom it had a longstanding prior relationship. Similar to the defendant in *Dormeyer*, defendant FHL was provided with an answer to plaintiff's complaint from its New York attorney that was never actually filed with the court. Defendant FHL's failure to appear and answer plaintiff's complaint in this action was not willful, and as the *Augusta* court concluded, it should be held blameless for the actions of its defense attorney.

Timeliness of This Motion

20. Under Rule 60(c), a motion to vacate a default judgment under Rule 60(b) "must be made within a reasonable time – and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding."

21. Since only just over six months have passed since the default judgment was entered against defendant FHL in this action on June 11, 2014, this Rule 60(b)(1) motion to vacate that judgment is within Rule 60(c)'s one-year time limit.

22. This motion to vacate the default judgment entered in this action is also made within a reasonable time, because defendant FHL first discovered the default judgment against it on October 9, 2014, and it immediately acted to seek insurer-appointed defense counsel from its liability insurer, culminating in the insurer's decision to provide a defense to defendant FHL and its appointment of undersigned counsel to prosecute this motion on December 11, 2014.

23. This motion is also made within a reasonable time because plaintiff will not be prejudiced by having the default judgment vacated at this time. Upon information and belief, plaintiff reached a settlement agreement with co-defendant Oakley, Inc. prior to conducting any written or oral discovery in this action. Plaintiff has therefore not incurred any expense pursuing pretrial discovery while defendant FHL was in default, and no discovery will need to be repeated by the parties if the default judgment is vacated. Under this court's schedule setting January 30, 2015 as the close of fact discovery, this action would still be in fact discovery had defendant FHL answered the complaint.

<u>Meritorious Defenses of Defendant FHL to Plaintiff's Claims</u>

24. In order to vacate a default judgment, the movant must also show that it has a potentially meritorious defense to the plaintiff's claim. *Passarella v. Hilton International Co.,* 810 F.2d 674 (7th Cir. 1987).

25. Upon information and belief, defendant FHL has potentially meritorious defenses to plaintiff's negligence claim against it based on (1) plaintiff's written release and waiver of liability in his Standard Player Contract with defendant FHL, (2) plaintiff's express assumption of risk of injury under the terms of the Standard Player Contract, (3) plaintiff's implied assumption of the risk of injury by his participation in professional ice hockey, an inherently dangerous activity; (4) plaintiff's status as an employee of defendant FHL for whom a claim for benefits under the Illinois Workers Compensation Act is his exclusive remedy for an injury sustained in the course of his employment, barring this action in tort against defendant FHL, his employer; and (5) plaintiff's comparative negligence in engaging in a fight with another player during the hockey game.

26. Plaintiff's complaint alleges that plaintiff was playing for the Danville Dashers, a member team in The Federal Hockey League, at the time of his injury.

27. Upon information and belief, plaintiff had entered into the Standard Player Contract 2011–2012 with defendant FHL prior to his injury. *A true copy of that form of agreement is attached as Exhibit 1 to this motion.*

28. Under the terms of the Standard Player Contract between players and the FHL in force at the time of plaintiff's injury, paragraph 17 provides in pertinent part:

> Player hereby forever releases and discharges the FHL and it member Teams... (collectively the "Released Parties") from and against any and all liabilities, claims, demands, or causes of action ("Claims") that he may now or hereafter have for injuries or damages arising out of his participation in the FHL whether in a game, scrimmage, training session, promotion, appearance or demonstration ("Activities"). Player further releases and discharges the Released Parties of all Claims and expressly and voluntarily assumes all risk of death or personal injury sustained while participating in such Activities, including risk of injury from fights...

29. Paragraph 17 of the Standard Player Contract is an express release and waiver of liability by the player in favor of the FHL, including specific and unambiguous language releasing claims for "injuries or damages arising out of his participation in... a game...", and even more specifically from "injury from fights."

30. The release language in Paragraph 17 of the Standard Player Contract is fully enforceable under the Illinois tort law applicable in this personal injury action, since plaintiff's complaint alleges that he was injured in a fight during a professional ice hockey game while he was a player for the FHL member team in Danville, Illinois. *See, e.g., Schlessman v. Henson*, 83 Ill.2d 82, 413 N.E.2d 1252 (1980).

31. This court should set aside the default judgment entered against defendant FHL because defendant FHL has potentially meritorious defenses based on assumption of risk, both express and implied.

32. Paragraph 17 of the Standard Player Contract also includes an express assumption of risk by the player, who "expressly and voluntarily assumes all risk of death or personal injury sustained while participating in such Activities, including risk of injury from fights...".

33. In addition to plaintiff's express assumption of risk in his Standard Player Contract, plaintiff impliedly assumed the risk of his injury by his participation in professional ice hockey, a contact sport with inherent risk of injury.

34. In *Coleman v. Ramada Hotel Operating Company*, 933 F.2d 470 (7th Circuit 1991), the plaintiff brought claims of negligence against the defendant resort after being injured while participating in a "mini-Olympics" game at an employer-sponsored picnic. The *Coleman* court, after discussing the overlap of defenses based on assumption of risk and contributory negligence, affirmed a summary judgment in favor of the defendant resort on the basis that "Illinois law bars recovery for injuries arising from voluntary participation in inherently dangerous activities." In support of that proposition, the Seventh Circuit cited *Keller v. Mols*, 156 Ill.App.3d 235, 509 N.E.2d 584 (1st Dist. 1987), in which the Illinois appellate court barred recovery by a hockey player because by participating in that contact sport he assumed the risk of being stuck by a hockey puck.

35. There is also a potential that defendant FHL will have a meritorious defense to plaintiff's claim in this action based upon plaintiff's contributory negligence, due to his participation in the fight that resulted in his injuries during the hockey game.

36. Under the terms of the Standard Player Contract between players and the FHL in force at the time of plaintiff's injury, paragraph 3 provides in pertinent part that "FHL... wishes to employ Player as a professional ice hockey player." Paragraph 9 further provides that "Player understands that in the event of an injury, that the Player is bound by the Workman's Compensation laws of his respective state."

37. Defendant FHL therefore has a potentially meritorious defense to plaintiff's claim based on the exclusivity provisions of the Illinois Workers' Compensation Act, 820 ILCS 305/1 et. seq., which make a claim for workers compensation benefits the exclusive remedy of an injured employee against his employer, and bar any action in tort for injuries sustained in the course of employment.

38. Upon information and belief, plaintiff may already have been compensated for his injuries through the Illinois workers' compensation system. Plaintiff filed a claim for workers compensation benefits with the Illinois Workers' Compensation Commission against the Danville Dashers under case number 12 WC 033474 for the same injuries he alleges in this civil action in tort. The Illinois Workers' Compensation Commission shows a settlement was approved on October 29, 2013 for plaintiff's claim against the Danville Dashers based on these injuries.

## Conclusion and Prayer for Relief

39. Where there is no evidence that a defendant's default was willful, or that it acted in bad faith, where there are potentially meritorious defenses to plaintiff's claims,

and where the plaintiff would not be prejudiced by having the default vacated, the court in ruling on a motion to vacate a default judgment should resolve all doubts in favor of the party seeking relief from the judgment, in order to ensure that to the extent possible, disputes are resolved on their merits. *See, e.g., Addison v. Reitman Blacktop, Inc.*, 272 F.R.D. 72, 77 (E.D. N.Y. 2010).

40. This court should vacate the default judgment entered against defendant FHL in this action because defendant's affidavit in support of this motion establishes that its default was not willful, defendant's actions were not in bad faith, and the circumstances establish "mistake" or "excusable neglect" by defendant's attorney, for which it should not be blamed. Moreover, this motion is made within a reasonable time, defendant FHL has potentially meritorious defenses to the plaintiff's claim against it, and plaintiff would not be prejudiced by having the default vacated.

41. Defendant FHL therefore moves this court for the entry of an order vacating the default order and judgment entered against it, for time to answer plaintiff's Complaint at Law, and for any other relief that is just and equitable.

Dated: December 15, 2014          THE FEDERAL HOCKEY LEAGUE, LLC

By:  /s/ Mitchell H. Frazen
     One of Its Attorneys

Mitchell H. Frazen (A.R.D.C. No. 3127119)
Cecil E. Porter (A.R.D.C. No. 6276757)
LITCHFIELD CAVO LLP
303 West Madison, Suite 300
Chicago, Illinois 60606
(312) 781-6618
frazen@litchfieldcavo.com